UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | 2:20-CR-00025-DCLC-CRW |
| | ) | |
| v. | ) | |
| | ) | |
| BILLY ADAM BULLARD, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Before the Court is Defendant's Motion for Sentence Reduction [Doc. 48]. The United States ("the Government") filed a response [Doc. 49]. Thus, the motion is ripe for review. For the reasons provided herein, Defendant's motion [Doc. 49] is **GRANTED**.

**I.      BACKGROUND**

On July 15, 2021, Defendant pleaded guilty to one count of possession with the intent to distribute more than 5 grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) [Docs. 29, 31]. Based upon a total offense level of 23 and a criminal history category of IV, Defendant's guideline range was 70 to 87 months [Doc. 33, ¶ 57]. On November 9, 2021, the Court sentenced Defendant to a term of 87 months' imprisonment to be followed by a four-year term of supervised release [Doc. 41]. Defendant is currently housed at FCI Cumberland with a projected release date of November 3, 2025. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited November 5, 2024). He now seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guideline Amendment 821 [Doc. 48].

1

## II. ANALYSIS

"A district court may modify a defendant's sentence only as provided by statute." *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009) (citation omitted). Relevant here, 18 U.S.C. § 3582(c)(2) authorizes a court to impose a sentence reduction when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Amendment 821, which took effect on November 1, 2023, altered the application of the guidelines with respect to offenders who earned criminal history "status" points based on the commission of an offense while serving a criminal justice sentence. Specifically, Amendment 821 amended U.S.S.G. § 4A1.1 to eliminate status points for defendants with six or less criminal history points. At the time of sentencing, Defendant had six criminal history points and received two additional points for committing the instant offense while under a criminal justice sentence for Hamblen County Sessions Court [Doc. 33, ¶¶ 35, 36]. If sentenced today, Defendant would not receive any status points under U.S.S.G. § 4A1.1, resulting in 6 criminal history points, criminal history category III, and an amended guideline range of 60 to 71 months, as restricted by the five-year mandatory minimum. Thus, Defendant is eligible for a reduction under Amendment 821, and he seeks a reduction to at least 71 months [Doc. 48]. However, "the decision whether and to what extent to grant an authorized sentence reduction is discretionary." *United States v. Monday*, 390 F. App'x 550, 554 (6th Cir. 2010).

The Government recognizes Defendant's eligibility but defers to the Court's discretion whether and to what extent to reduce Defendant's term of imprisonment [Doc. 49]. While in the

2

BOP, Defendant earned his General Educational Development ("GED") diploma, completed an additional 62 hours of educational courses, has not had any disciplinary issues, and is participating in the non-residential drug treatment program. The BOP also considered Defendant's risk of recidivism to be low. Based on the foregoing, and in consideration of the factors enumerated in 18 U.S.C. § 3553(a), the Court finds that a sentence reduction to the top of the amended guideline range is warranted. Accordingly, Defendant's sentence shall be reduced to 71 months.

### III. CONCLUSION

For the reasons stated herein, Defendant's motion [Doc. 48] is **GRANTED**. A separate Order shall enter.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge